# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ESTATE OF LATEEF DOTSON, through DIANE C. DOUGLAS (estate administrator and individually), | : : : : | |
| Plaintiffs, | : : | Civil Action No.: 1:24-cv-00748-UNA |
| v. | : : : | (Removed from Superior Court of the State of Delaware, No. N24C-05-017 EMD) |
| DAIMLER TRUCK NORTH AMERICA LLC, and JOHN DOES 1-20, | : : : : | TRIAL BY JURY OF TWELVE DEMANDED |
| Defendants. | : | |

## DEFENDANT DAIMLER TRUCK NORTH AMERICA LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Answering Defendant, Daimler Truck North America LLC, (hereinafter "Answering Defendant" or "DTNA") through its attorneys, Maron Marvel Bradley Anderson & Tardy LLC, hereby submits its Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint"), and avers as follows:

1. Answering Defendant is without information or knowledge sufficient to admit or deny the allegations in Paragraph 1 of the Complaint and, therefore, denies same.

## I - PARTIES

2. Answering Defendant is without information or knowledge sufficient to admit or deny the allegations in Paragraph 2 of the Complaint and, therefore, denies same.

3. Answering Defendant is without information or knowledge sufficient to admit or deny the allegations in Paragraph 3 of the Complaint and, therefore, denies same.

4. Answering Defendant admits that it is a Delaware limited liability company and that its sole member is Daimler Truck & Buses US Holding LLC, a Delaware limited liability company. The member of Daimler Truck & Buses US Holding LLC is Daimler Truck AG, which

is a publicly traded Frankfurt, German company, incorporated in the Federal Republic of Germany, with its principal place of business in Germany.

5. Admitted.

6. Answering Defendant is without information or knowledge sufficient to admit or deny the allegations in Paragraph 6 of the Complaint and, therefore, denies same. In further response, Answering Defendant avers that Plaintiff's claims against John Does 1-20 are likely subject to a statutory limitations bar.

7. Answering Defendant is without information or knowledge sufficient to admit or deny the allegations in Paragraph 7 of the Complaint and, therefore, denies same.

## II – FACTUAL BACKGROUND

8. Answering Defendant restates, repeats, and incorporates by reference its responses to Paragraphs 1 through 7 as if set forth in full.

9. Answering Defendant is without information or knowledge sufficient to admit or deny the allegations in Paragraph 9 of the Complaint and, therefore, denies same.

10. Answering Defendant is without information or knowledge sufficient to admit or deny the allegations in Paragraph 10 of the Complaint and, therefore, denies same.

11. Answering Defendant is without information or knowledge sufficient to admit or deny the allegations in Paragraph 11 of the Complaint and, therefore, denies same.

12. Answering Defendant is without information or knowledge sufficient to admit or deny the allegations in Paragraph 12 of the Complaint and, therefore, denies same.

13. Answering Defendant is without information or knowledge sufficient to admit or deny the allegations in Paragraph 13 of the Complaint and, therefore, denies same.

14. Answering Defendant is without information or knowledge sufficient to admit or deny the allegations in Paragraph 14 of the Complaint and, therefore, denies same

15. Answering Defendant specifically denies that it was careless, negligent, or engaged in liability-producing conduct. Answering Defendant denies that seatbelt systems in its 2020 Western Star trucks were defective or failed in the one allegedly driven by LaTeef Dotson. Answering Defendant is without information or knowledge sufficient to admit or deny that the aforementioned 2020 Western Star truck was originally equipped with an air bag. Answering Defendant, therefore, denies all the remaining allegations in Paragraph 15 of the Complaint.

16. Answering Defendant denies the allegations contained in Paragraph 16 of the Complaint directed to it.

17. Answering Defendant denies the allegations in Paragraph 17 of the Complaint and, therefore, denies same.

18. Answering Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Answering Defendant denies the allegations contained in Paragraph 19, and its sub-parts (a)-(e), of the Complaint.

20. Answering Defendant denies the allegations contained in Paragraph 20 of the Complaint directed to it.

21. Answering Defendant denies the allegations contained in Paragraph 21 of the Complaint directed to it.

22. Answering Defendant is without information or knowledge sufficient to admit or deny the allegations in Paragraph 22 of the Complaint.

23. Answering Defendant is without information or knowledge sufficient to admit or deny the allegations in Paragraph 23 of the Complaint and, therefore, denies same.

24. Answering Defendant specifically denies that it was negligent or that 2020 Western Star 4700 trucks were defective. Answering Defendant further denies the remaining allegations in Paragraph 24 of the Complaint.

25. Answering Defendant admits that it assembles and sells heavy duty trucks which include different component parts manufactured by others. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth of any allegations regarding fictitious entities or persons named as John Does 1-20 in the Complaint and, therefore, denies same. Answering Defendant denies the remaining allegations in Paragraph 25 of the Complaint.

26. Answering Defendant admits that it assembles and sells heavy duty trucks which include component parts manufactured by others that are received by it in a completed form. Answering Defendant further admits that one of the models of trucks that it assembled and sold was 2020 Western Star 4700. Upon information and belief, there was a vehicle of that make, model year and bearing the VIN number alleged in Paragraph 26 of the Complaint. Answering Defendant otherwise denies the remaining allegations, as phrased, in Paragraph 26 of the Complaint.

27. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth of allegations regarding a replacement seatbelt or fictitious John Does 1-20 contained in Paragraph 27 of the Complaint, and therefore, denies same.

28. Answering Defendant states that the allegations in Paragraph 28 of the Complaint constitute hypotheticals and thus require no response. If a response is deemed necessary, Answering Defendant is without information or knowledge sufficient to form a belief as to the

truth of any allegations regarding John Does 1-20, a replacement seatbelt, alleged approval, and/or a hypothetical installer. Answering Defendant therefore denies the allegations in Paragraph 28 of the Complaint.

29. Answering Defendant specifically denies that it was negligent and that its product(s) contained defects and further denies that its acts or products caused LaTeef Dotson's claimed personal injuries or death.

30. Answering Defendant is without information or knowledge sufficient to admit or deny the allegations in Paragraph 30 of the Complaint and, therefore, denies same.

31. Answering Defendant specifically denies carelessness and causation of damages allegedly sustained by Plaintiff. Answering Defendant is without information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 31 of the Complaint and, therefore, denies same.

## COUNT 1 - NEGLIGENCE AGAINST DTNA and JOHN DOES

32. Answering Defendant restates, repeats, and incorporates by reference its responses to Paragraphs 1 through 31 as if set forth in full.

33. Answering Defendant states that the allegations in Paragraph 33 of the Complaint contain conclusions, arguments, and characterizations about seatbelt systems designed to restrain vehicle passengers and require no response. If a response is deemed necessary, Answering Defendant states that it fulfilled any duties under applicable law and otherwise denies the allegations contained in Paragraph 33 of the Complaint.

34. Answering Defendant states that Paragraph 34 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Answering Defendant states that it fulfilled any legal duties under applicable law that it owed to purchasers or

occupants of 2020 Western Star 4700 trucks and thus denies that it breached any duty to protect truck occupants from unreasonable risk of harm.

35. Answering Defendant specifically denies that it was negligent, careless, grossly negligent, reckless, or wanton. Answering Defendant further denies each and every allegation contained in Paragraph 35 of the Complaint, and its sub-parts (a)-(i).

36. Answering Defendant specifically denies that it was negligent, careless, grossly negligent, reckless, or wanton. Answering Defendant denies the remaining allegations in Paragraph 36 of the Complaint.

37. Answering Defendant specifically denies that it was negligent, careless, grossly negligent, reckless, or wanton and denies causation. Answering Defendant denies that Plaintiff is entitled to damages, compensatory or punitive, against it.

38. Paragraph 38 of the Complaint is a request for judgment. Answering Defendant denies that Plaintiff is entitled to any of the requested elements of her prayer for judgment.

## COUNT 2 - STRICT LIABILITY IN TORT AGAINST DTNA

39. Answering Defendant restates, repeats, and incorporates by references its responses to Paragraphs 1 through 38 of the Complaint as if set forth in full.

40. Answering Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Answering Defendant states that the allegations of Paragraph 41 appear to pose hypotheticals, including alternative scenarios involving the condition of an original or replacement seat belt in use at or about the time of the collision which is the subject of the Complaint. Answering Defendant, therefore, denies the allegations in Paragraph 41 of the Complaint and, calls upon Plaintiff to prove her claims.

42. Answering Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Answering Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Answering Defendant states that Paragraph 44 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Answering Defendant states that it fulfilled any legal duties under applicable law and denies that the seatbelt system at issue was defective or in unreasonably condition at point of sale.

45. Paragraph 45 of the Complaint is a request for judgment. Answering Defendant denies that Plaintiff is entitled to any of the requested elements of her prayer for judgment.

## COUNT 3 - THE ESTATE'S SURVIVAL ACTION AGAINST DTNA

46. Answering Defendant restates, repeats, and incorporates by reference its responses to Paragraphs 1 through 45 as if set forth in full.

47. Answering Defendant states that Paragraph 47 of the Complaint asserts a legal conclusion to which no response is required.  In further response, Answering Defendant states that there has been no determination of the applicable substantive law in this matter.  Answering Defendant, at this juncture without factual discovery and in the absence of a Court ruling is not obliged to respond to Plaintiff's assertions regarding applicable law and reserves all its rights on that issue.  If a response is deemed necessary, Answering Defendant admits only that Plaintiff has asserted a claim styled as a survival action against it and denies the merits of same.

48. Answering Defendant states that Paragraph 48 of the Complaint asserts a legal conclusion to which no response is required.  In further response, Answering Defendant states that there has been no determination of the applicable substantive law in this matter.  Answering Defendant, at this juncture without factual discovery and in the absence of a Court ruling is not

obliged to respond to Plaintiff's assertions regarding applicable law and reserves all its rights on that issue. If a response is deemed necessary, Answering Defendant admits only that Plaintiff has asserted a claim styled as a survival action against it under Delaware law and denies the merits of same. Answering Defendant denies any liability to Plaintiff for any claimed damages.

49. Answering Defendant is without information sufficient to admit or deny the allegations in Paragraph 49 of the Complaint and, therefore, denies same.

50. Answering Defendant states that Paragraph 50 of the Complaint asserts a legal conclusion to which no response is required. If a response is deemed necessary, Answering Defendant denies any liability to Plaintiff for any claimed damages.

51. Answering Defendant is without information sufficient to admit or deny the allegations in Paragraph 51 of the Complaint and, therefore, denies same.

52. Answering Defendant specifically denies negligence and causation. Answering Defendant denies the remaining allegations contained in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint is a request for judgment. Answering Defendant denies that Plaintiff is entitled to any of the requested elements of her prayer for judgment.

## COUNT 4 - THE INDIVIDUAL PLAINTIFF'S WRONGFUL DEATH ACTION

54. Answering Defendant restates, repeats, and incorporates its responses to Paragraphs 1 through 53 as if set forth in full herein.

55. Answering Defendant states that Paragraph 55 of the Complaint asserts a legal conclusion to which no response is required. If a response is deemed necessary, Answering Defendant only states that Plaintiff has asserted a wrongful death claim and denies the merits of same against it.

56. Answering Defendant states that Paragraph 56 of the Complaint asserts a legal conclusion to which no response is required. In further response, Answering Defendant states that there has been no determination of the applicable substantive law in this matter. Answering Defendant, at this juncture without factual discovery and in the absence of a Court ruling is not obliged to respond to Plaintiff's assertions regarding applicable law and reserves all its rights on that issue. If a response is deemed necessary, Answering Defendant admits only that Plaintiff has asserted a wrongful death claim against it and denies the merits of same.

57. Answering Defendant states that Paragraph 57 of the Complaint asserts a legal conclusion to which no response is required. In further response, Answering Defendant states that there has been no determination of the applicable substantive law in this matter. Answering Defendant, at this juncture without factual discovery and in the absence of a Court ruling is not obliged to respond to Plaintiff's assertions regarding applicable law and reserves all its rights on that issue.

58. Answering Defendant denies that it was negligent, and such alleged negligence was the proximate cause of Plaintiff's decedent's death, or the damages claimed by Plaintiff. Answering Defendant is without information sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 58 of the Complaint and denies same.

59. Paragraph 59 of the Complaint is a request for judgment. Answering Defendant denies that Plaintiff is entitled to any of the requested elements of her prayer for judgment.

## **FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted as to Answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's injuries, or risk of injury, if any may have been caused by the act or omission of a person or entities other than Answering Defendant over whom Answering Defendant had no control or right to control.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint fails to allege with specificity any product, acts, actions or conduct on the part of Answering Defendant which constitutes negligence and, therefore, all claims and/or damages must be dismissed.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries, or risk of injury, if any, were caused by the superseding intervening acts of persons or entities other than Answering Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

The Subject Vehicle was not defective or unreasonably dangerous for its ordinary intended use when it left the possession of Answering Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

The alleged accident or any enhanced injuries to either Plaintiff or the decedent, may have been caused by the alteration, misuse, abuse or negligent use of the Subject Vehicle in question, thereby barring some or all of Plaintiff's recovery.

**SEVENTH AFFIRMATIVE DEFENSE**

The Subject Vehicle allegedly may not have been in substantially the same condition at the time of the accident as at the time of design, manufacture and sale, thereby barring some or all of Plaintiff's recovery.

**EIGHTH AFFIRMATIVE DEFENSE**

The Subject Vehicle marketed or supplied by Answering Defendant conformed to the state-of-the-art and was in compliance with the applicable government regulations and standards when it left the possession of the Answering Defendant.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, by the federal legislation and regulations governing motor vehicles, including the Motor Vehicle Safety Act and the regulations promulgated by the National Highway Traffic Safety Administration.

**TENTH AFFIRMATIVE DEFENSE**

At all times material hereto, Answering Defendant acted with due and proper care under the circumstances and at all times discharged its mandatory duties with reasonable diligence.

**ELEVENTH AFFIRMATIVE DEFENSE**

On information and belief, the act or omission of a person or entities over whom Answering Defendant had no control and no right to control may have caused Plaintiff's decedent's injuries or death and Plaintiff's claimed injuries.

**TWELFTH AFFIRMATIVE DEFENSE**

Any recovery by Plaintiff must be reduced or offset by all amounts paid, payable by, or available from collateral sources.

**THIRTEENTH AFFIRMATIVE DEFENSE**

If it is determined that this Answering Defendant designed, sold, or manufactured or was otherwise legally responsible for the Subject Vehicle, including any seatbelts or airbags claimed to be in use during Plaintiff's decedent's alleged accident, then this Answering Defendant avers that the Subject Vehicle, including its seatbelts and/or any airbag, were not defective or

unreasonably dangerous for its ordinary intended use when it left the possession of this Answering Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

If it should be found that Answering Defendant is liable under the allegations contained in Plaintiff's Complaint, which allegations Answering Defendant denies and continues to deny, then Answering Defendant is entitled to indemnity from Plaintiff and third-parties named and unnamed in other litigation for their own negligence and/or unlawful conduct herein as it was active, primary and affirmative, and the conduct of Answering Defendant, if any, was passive, secondary and derivative only.

### FIFTEENTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff's claims may be barred or limited by her having previously secured partial satisfaction for the injuries and damages alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendant did not breach any contractual obligation(s), whether express or implied, to Plaintiff or Plaintiff's decedent.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Answering Defendant, at all times relevant hereto, complied with all applicable federal, state, local, and other regulations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Answering Defendant fulfilled all its duties and obligations, whether arising from common law, statute, contract or otherwise.

### NINETEENTH AFFIRMATIVE DEFENSE

Upon information and belief, the alleged accident, or any injuries to Plaintiff's decedent,

may have been caused by the alteration, misuse, abuse, or negligent use of the Subject Vehicle, including the seatbelts in question, thereby barring some or all of Plaintiff's recovery.

### TWENTIETH AFFIRMATIVE DEFENSE

On information and belief, the Subject Vehicle, including its seatbelt system and/or airbags allegedly may not have been in substantially the same condition at the time of the accident as at the time of their design, manufacture, and sale, thereby barring some or all of Plaintiff's recovery.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The subject seatbelts and/or alleged airbags conformed to the state-of-the-art and were in compliance with the applicable government regulations and standards.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Subject Vehicle was designed, manufactured, and assembled in compliance with applicable industry and governmental standards and regulations, thereby barring some or all of Plaintiff's claims under applicable law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The subject seatbelts and/or airbags were designed, manufactured, and assembled in compliance with applicable industry and governmental standards and regulations, thereby barring some or all of Plaintiff's claims under applicable law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's manufacturing defect claim fails to allege the elements of a violation in the manner required.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any and all allegations pertaining to agency, employment, supervision, or control are specifically denied, and strict proof thereof is demanded at the time of trial.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Answering Defendant performed each and every duty which was owed to Plaintiff's decedent, or to any other party, if any, or to any other persons or parties.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

The Complaint fails to specify any willful or wanton conduct on the part of Answering Defendant and, therefore, all claims in reference to the recovery of punitive damages in the Complaint must be stricken.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

The claims for punitive damages are barred by the Fifth Amendment, Eighth Amendment and the Fourteenth Amendment of the United States Constitution and case law limiting punitive damages.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Answering Defendant is entitled to a set-off for amounts paid, by entities named, as defendants in this or other legal jurisdictions, and certain third parties, as a settlement or release of liability with Plaintiff in this or any other legal jurisdiction.

**THIRTIETH AFFIRMATIVE DEFENSE**

Answering Defendant is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose law is deemed to apply in this case.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

If Plaintiff sustained the damages as alleged in the Complaint, then same must be reduced by any contributory or comparative negligence of Plaintiff's decedent, LaTeef J. Dotson.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate any damages claimed.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Answering Defendant herein incorporates by reference as fully set forth herein all defenses, both affirmative and otherwise, raised, pleaded, or otherwise asserted by any other defendants in this action now or joined later.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The Complaint, in violation of Rule 9, fails to specifically allege fraud, statutory negligence, any alleged negligence with particularity and/or state the items of special damages claimed.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Answering Defendant may be barred in whole, or in part, by the applicable statutes of limitations and repose and by the doctrines of laches, ratification, unclean hands, waiver, and estoppel.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join necessary and/or indispensable parties.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The Subject Vehicle has been outside of the custody or control of Answering Defendant for years and the vehicle may have been modified, maintained, and serviced by persons or entities other than authorized dealers and such modifications, maintenance and service was a proximate cause of Plaintiff's claimed injuries.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent that the Court determines Delaware is the applicable law and Plaintiff asserts a claim under the doctrine of strict liability in tort, it fails to state a claim upon which relief can be granted.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

There has been no determination of the applicable substantive law in this matter. Answering Defendant reserves all its rights and defenses under whichever law the Court determines is applicable.

### FORTHIETH AFFIRMATIVE DEFENSE

Answering Defendant gives notice that it intends to rely upon such other and further defenses as may become available to it or apparent during the discovery of this civil action, and hereby reserves the right to assert any such defenses at a later date by way of amendment to its Answer with Affirmative Defenses to Plaintiff's Complaint.

WHEREFORE, Defendant, Daimler Truck North America LLC, respectfully requests that judgment be entered in its favor and against Plaintiff, individually and as Administrator of the Estate of Lateef J. Dotson, and that it be awarded costs, fees and such other relief as this Court deems just and proper.

SIGNATURE BLOCK ON NEXT PAGE

        Respectfully submitted,

        **MARON MARVEL BRADLEY**
         **ANDERSON & TARDY LLC**

        */s/ Paul A. Bradley*
        Paul A. Bradley (DE Bar ID No. 2156)
        Antoinette D. Hubbard (DE Bar ID No. 2308)
        1201 N. Market Street, Suite 1100
        P.O. Box 288
        Wilmington, DE 19899-0288
        Telephone:  (302) 425-5177
        Facsimile:   (302) 425-0180
        pab@maronmarvel.com
        adh@maronmarvel.com
        *Attorneys for Defendant*
        *Daimler Truck North America LLC*

Dated:  June 26, 2024