## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ESTATE OF LATEEF DOTSON, Through DIANE C. DOUGLAS (estate administrator and individually), | : : : : : | Civil Action No.: 1:24-cv-00748-JLH |
| Plaintiffs, | : : : | (Removed from the Superior Court of the State of Delaware, No. N24C-05-017 |
| v. | : | EMD) |
| | : | |
| DAIMLER TRUCK NORTH AMERICA LLC, and JOHN DOES 1-20, | : : : | TRIAL BY JURY OF TWELVE DEMANDED |
| | : | |
| Defendants. | : | |

## DEFENDANT DAIMLER TRUCK NORTH AMERICA LLC'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(A)

Dated: August 1, 2024

**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**

/s/ Antoinette D. Hubbard
Paul A. Bradley
(DE Bar ID No. 2156)
Antoinette D. Hubbard
(DE Bar ID No. 2308)
1201 North Market Street, Suite 1100
P.O. Box 288
Wilmington, DE 19899-0288
Telephone: (302) 425-5177
Facsimile: (302) 425-0180
pab@maronmarvel.com
adh@maronmarvel.com
*Counsel for Daimler Truck North America, LLC*

## TABLE OF CONTENTS

I.   NATURE AND STAGE OF THE PROCEEDINGS.....................................1

II.  SUMMARY OF THE ARGUMENT ...................................................2

III. STATEMENT OF FACTS ..............................................................3

IV.  ARGUMENT AND AUTHORITIES ................................................4

    A.  Plaintiff Could Have Filed Her Claims Against DTNA in the
        District of New Jersey .............................................................6

    B.  The Six Private Factors under *Jumara* Favor Transfer to the
        District of New Jersey .............................................................7

        1.  Plaintiff's Choice of Forum ......................................7

        2.  Defendants' Preference for the District of New Jersey
            Weighs in Favor of Transfer .......................................8

        3.  Plaintiff's Claim Arose in the District of New Jersey and
            Should Be Resolved There ..........................................8

        4.  The Parties' Convenience Favors Transfer.................8

        5.  The Unavailability of Witnesses at Trial ...................9

        6.  The Location of Books and Records..........................10

    C.  The Public Factors Favor Transfer.......................................10

        1.  Enforceability of the Judgment................................10

        2.  Practical Considerations Strongly Favor Transfer....10

        3.  Comparison of the Docket Burden of the Respective
            Courts .......................................................................12

        4.  The District of New Jersey Has a Strong Interest in
            Deciding this Dispute................................................12

        5.  Public Policies of the Fora ......................................13

i

6.      The Trial Judge's Familiarity with the Applicable State
Law in Diversity Cases ............................................................13

V.      CONCLUSION.................................................................................14

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AG v. Bauman*,
   134 S. Ct. 746 (U.S. 2014)..................................................................6

*Allen Med. Sys., Inc. v. Mizuho Orthopedic Sys., Inc.*,
   No. CV 21-1739-CFC, 2022 WL 1046258 (D. Del. Apr. 7, 2022)....................9

*In re Amendt*,
   169 Fed. Appx. 93 (3d Cir. 2006).......................................................11

*Canon Fin. Servs., Inc. v. JL Barrett Corp.*,
   No. CIV.A. 10-4117, 2010 WL 4746242 (D.N.J. Nov. 16, 2010) ....................11

*Citrix Systems, Inc. v. Parallel Networks Licensing, LLC*,
   No. CIV.A. 19-2005-LPS, 2020 WL 2309073 (D. Del. May 8,
   2020) ......................................................................................11

*Intell. Ventures I LLC v. Checkpoint Software Techs. Ltd.*,
   797 F. Supp. 2d 472 (D. Del. 2011).....................................................8

*Jose Estrada v. KAG West, LLC*,
   2024 WL 2874591 (E.D. Cal.).............................................................6

*Jumara v. State Farm Insurance Co.*,
   55 F.3d 873 (3d Cir. 1995) ......................................................4, 5, 7, 9

*MP Vista, Inc. v. Motiva Enters. LLC*,
   No. CIV.A. 07-099-GMS, 2008 WL 5411104 (D. Del. Dec. 29,
   2008) ...................................................................................11, 13

*Nottenkamper v. Modany*,
   2015 WL 1951571 (D. Del. Apr. 29, 2015) .............................................8

*Realtime Data LLC v. Fortinet, Inc.*,
   No. CV 17-1635-CFC, 2018 WL 5630587 (D. Del. Oct. 31, 2018)...................9

*Teleconference Sys. v. Proctor & Gamble Pharm., Inc.*,
   676 F. Supp. 2d 321 (D. Del. 2009)......................................................8

*Tumbaga v. Equifax Info. Servs., LLC*,
    2020 WL 4673907 (D. Del. Aug. 12, 2020).......................................................9

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964)...........................................................................................4

*VLSI Tech. LLC v. Intel Corp.*,
    No. 18-966-CFC, 2018 WL 5342650 (D. Del. Oct. 29, 2018)...........................9

*Zambelli Fireworks Manufacturing Co., Inc. v. Wood*,
    592 F.3d 412 (3rd Cir. 2010) ...........................................................................6

*Zazzali v Swenson*,
    852 F. Supp. 2d 438 (D. Del. 2012)................................................................11

**Statutes**

28 U.S.C. § 1332(b) ...................................................................................................6

28 U.S.C. § 1391(b)(2)...............................................................................................6

28 U.S.C. § 1404....................................................................................................2, 4, 5

28 U.S.C. § 1404(a) ...............................................................................................2, 4, 8

28 U.S.C. § 1441(b)(1)...............................................................................................6

**Rules**

Fed. R. Civ. P. 45(c)(1) ...........................................................................................10

**Other Authorities**

Admin. Office of the U.S. Courts, Explanation of Selected Terms,
    https://www.uscourts.gov/sites/default/files/explanation_of_selecte
    d_terms_december_2023.pdf........................................................................12

## I.   NATURE AND STAGE OF THE PROCEEDINGS

On May 1, 2024, Plaintiff Diane C. Douglas, as administrator of the Estate of LaTeef J. Dotson and individually, filed an action in the Superior Court of the State of Delaware against Defendant Daimler Truck North America, LLC ("DTNA"), as sole defendant.[1]  Plaintiff alleged that on May 2, 2022 in Hope Township, New Jersey, Brandon Loyle, "plowed" a truck head-on into a Western Star truck, operated by her late son, LaTeef J. Dotson ("Dotson").[2]  Plaintiff further averred that the car driven by Dotson had a defective seat belt system and an air bag which allegedly did not deploy.[3]  On the basis of diversity citizenship, DTNA removed this case to this Court.[4]

Prior to filing this action, Plaintiff initiated two separate cases for survival and wrongful death based on the same accident. One case was filed in the United States District Court for the District of New Jersey, Trenton Division, against Viewpoint Leasing, Inc., Gary's Truck Repair LLC, and Gary Gray, individually.[5]  Another

---

[1] See, Complaint attached as Exhibit A to Daimler Truck North America LLC.

[2] *Id.* at ¶¶ 10-12.

[3] *Id.* at ¶¶ 15-21.

[4] See, Notice of Removal filed by Daimler Truck North America LLC.  (Exhibit B)

[5] See copy of Complaint of *Estate of LaTeef J. Dotson v. Viewpoint Leasing, Inc., et al*.  (Exhibit C).

action was filed in the United States District Court for the Eastern District of Pennsylvania against Brandon Loyle, the other driver involved in the collision, and his employer, Gary W. Gray Trucking Inc.[6]  Pursuant to a motion to change venue filed by Plaintiff, the latter action was eventually transferred to the United States District Court for the District of New Jersey, Trenton Division, where the other case arising from the same accident and alleging the same damages, was filed and pending.[7]

Defendant now moves to transfer this case to the District of New Jersey, Trenton Division, pursuant to 28 U.S.C. § 1404(a).

## II.    SUMMARY OF THE ARGUMENT

This action should be transferred to the District of New Jersey, Trenton Division, pursuant to 28 U.S.C. § 1404 so that it can proceed along with the other cases alleging that various factors proximately caused the death of Mr. Dotson. Most, if not all, of the percipient witnesses are residents of New Jersey and/or are parties to the earlier filed litigation.  Admittedly, the decedent and Plaintiff are

---

[6]  See, copy of the Complaint filed in *Estate of LaTeef J. Dotson, et al. and Gary W. Gray Trucking, Inc., et al.,* formerly No. 5:23-cv-4072 and now proceeding under No. 3-24-cv-03996-ZNQ-TJB. (Exhibit D).

[7]  *See,* March 19, 2024 Opinion of Judge Joseph F. Leeson, Jr., USDC Judge in *Estate of LaTeef J. Dotson, et al. and Gary W. Gray Trucking, Inc., et al.,* formerly No. 5:23-cv-4072 and now proceeding under No. 3-24-cv-03996-ZNQ-TJB in the District of New Jersey. (Exhibit E)

Delaware residents.  However, that factor does not militate against DTNA's requested transfer when one considers the factors favoring a new venue, especially issues of judicial economy and efficiency and avoidance of duplicate and inconsistent results.  When one analyzes and weighs the controlling factors, they favor the grant of DTNA's motion for transfer of this case to the District of New Jersey, Trenton Division.

## III.    STATEMENT OF FACTS

The genesis of Plaintiff's claims is an accident that occurred in Hope, New Jersey, not in Delaware.  DTNA, a limited liability company, is a foreign citizen.[8] Moreover, Brandon Loyle, the driver of a vehicle which was registered in New Jersey and collided with a vehicle driven by Mr. Dotson, was and is not a resident of Delaware and is already a party to related litigation now pending in New Jersey.[9] Mr. Loyle's employer, and companies which allegedly owned, serviced, or leased the vehicle which Mr. Loyle was driving at the time of the accident, have no connection to Delaware.[10]  Any investigating officers and examiners who conducted

---

[8] See, Notice of Removal filed by Daimler Truck North America LLC (Exhibit B) and DTNA's Disclosure.  (Exhibit F).

[9] See, New Jersey Police Crash Investigation Report. (Exhibit G).

[10] See, Plaintiff's Motion for Change of Venue filed in *Estate of LaTeef J. Dotson, et al. and Gary W. Gray Trucking, Inc., et al.,* formerly No. 5:23-cv-4072 at PP. 2-3. (Exhibit H).

3

the autopsy are all located in New Jersey.[11]    Moreover, the owner of the 2020 Western Star 4700, operated by Mr. Dotson at the time of the accident, was Bay Shippers LLC of Burton, Michigan and the vehicle was registered in Michigan as a commercial vehicle.[12]    In stark contrast to the multitude of relationships to New Jersey and other states, the only connection to Delaware is the alleged residency of Plaintiff, her late son, and his minor children.

## IV.    ARGUMENT AND AUTHORITIES

Section 1404(a) allows transfer "[f]or the convenience of parties and witnesses, in the interest of justice … to any other district or division where it might have been brought."  Transfers, pursuant to Section 1404, "prevent the waste of time, energy and money and protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

To determine whether transfer under § 1404(a) is proper, courts engage in a two-pronged analysis, assessing (1) whether the action could have been brought in the proposed transferee venue; and (2) whether transfer would best serve the interests of justice and convenience.  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d

---

[11]  See, New Jersey Police Crash Investigation Report (Exhibit G) and Medical Examiner's Report (Face sheet included for indication of the office's location at Exhibit I).

[12]  See, New Jersey Police Crash Investigation Report (Exhibit G) and Paragraph 9 of Plaintiff's Complaint filed in this action (Exhibit A).

4

Cir. 1995) (hereinafter "*Jumara*").  To determine whether the interests of justice and convenience warrant transfer, courts in the Third Circuit weigh both private and public interest factors.  *Id*. at 879.  The private interest factors outlined in *Jumara* are: plaintiffs' forum preference as manifested in their original choice of forum; the defendant's forum preference; whether the claim arose elsewhere; the convenience of the parties; the convenience of the witnesses (to the extent they may be unavailable for trial); and the location of books and records.  *Id*.  The public interest factors to be considered are: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases. *Id*. at 879–80.

Case transfer under § 1404 is appropriate when after application of the aforementioned factors "on balance the litigation would more conveniently proceed and the interests of justice [would] be better served by transfer to a different forum," *Id*. at 879 (internal citation omitted).  The majority of the factors outlined in *Jumara* weigh in favor of transferring this case to the District of New Jersey where the accident and Mr. Dotson's death occurred.

### A. Plaintiff Could Have Filed Her Claims Against DTNA in the District of New Jersey

DTNA is a foreign citizen,[13] Plaintiff is a Delaware citizen,[14] and it is uncontroverted that the accident occurred in New Jersey. The District of New Jersey has subject matter jurisdiction pursuant to diversity of citizenship under 28 U.S.C. § 1332(b).[15] Personal jurisdiction and venue in the District of New Jersey is also proper under 28 U.S.C. § 1391(b)(2) because New Jersey is where "a substantial part of the events or omissions giving rise to the claim occurred".[16] Moreover, the majority of crucial witnesses are located in New Jersey and Plaintiff has two cases in the District of New Jersey, and the claims in those actions and the instant case arise from the same incident and seek damages for the same alleged injuries.

---

[13] See, Disclosure Statement of Daimler Truck North American (Exhibit F) and Notice of Petition of Removal at ¶ 5. (Exhibit B). *Zambelli Fireworks Manufacturing Co., Inc. v. Wood*, 592 F.3d 412, 420 (3rd Cir. 2010) (citizen of limited liability company must be traced back to citizen of its members).

[14] See, Plaintiff's Complaint at ¶¶ 3-4. (Exhibit A).

[15] Plaintiff's naming of several fictitious defendants does not defeat diversity jurisdiction. 28 U.S.C. § 1441(b)(1). *See also, Jose Estrada v. KAG West, LLC*, 2024 WL 2874591, at *5 (E.D. Cal.).

[16] To the extent that Plaintiff argues that there are sufficient contacts under Daimler *AG v. Bauman*, 134 S. Ct. 746, 754 (U.S. 2014) to constitutionally assert specific or general jurisdiction over DTNA to prosecute tort claims in Delaware, Plaintiff cannot challenge the sufficiency of contacts in New Jersey where the accident occurred, the product of DTNA allegedly failed and the death of Plaintiff's son occurred. DTNA is ready and prefers to defend against Plaintiff's substantive

6

**B.    The Six Private Factors under *Jumara* Favor Transfer to the District of New Jersey**

### 1.    Plaintiff's Choice of Forum

The plaintiff, a resident, filed her action against DTNA in a state court of Delaware but as evidenced by her forum selection in related litigation, her clear preference was to prosecute claims arising from the accident in the District of New Jersey.[17]  As outlined above, even when she initially filed a related matter in the Eastern District of Pennsylvania, Plaintiff elected to change the venue to District of New Jersey.[18]  In any event, if Plaintiff insists Delaware is the preferred forum for her claims against DTNA, this is only one factor that would weigh against the requested transfer and it thus should be discounted in light of Plaintiff's prior forum elections.

---

claims in the District of New Jersey with others alleged to have contributed to cause the motor collision at issue and Plaintiff's alleged damages.

[17] See, Plaintiff's Motion for Change of Venue filed in *Estate of LaTeef J. Dotson v. Gary W. Gray Trucking, Inc., et al.*, USDC of E.D. Pa. Civil Action No. 23-cv-4072.  (Exhibit H).

[18] *Id.*

### 2.    Defendants' Preference for the District of New Jersey Weighs in Favor of Transfer

A defendant's forum preference weighs in favor of transfer where it can articulate a "rational, legitimate reason to support that preference." *Nottenkamper v. Modany*, 2015 WL 1951571, at *3 (D. Del. Apr. 29, 2015).  Clearly it is rational and legitimate for DTNA to request that all the parties averred to have caused or contributed to the cause of the accident and the death of Mr. Dotson litigate issues of liability and claimed damages together rather than in siloed actions.  Two related cases are pending in the District of New Jersey and thus logic and judicial economy strongly support all parties to litigate common issues in a single venue.

### 3.    Plaintiff's Claim Arose in the District of New Jersey and Should Be Resolved There

 Plaintiff's key averment is that her decedent was killed in a truck accident in New Jersey.  "[I]f there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor." *Intell. Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 481 (D. Del. 2011) (internal citations omitted).  This factor therefore weighs in favor of transfer of this matter.

### 4.    The Parties' Convenience Favors Transfer

The convenience of the parties is one of the most important factors in the § 1404(a) analysis. *See Teleconference Sys. v. Proctor & Gamble Pharm., Inc.*, 676 F. Supp. 2d 321, 331 (D. Del. 2009).  Courts determine the convenience of the forum

by considering: "(1) the parties' physical location; (2) the associated logistical and operational costs to the parties in traveling to Delaware—as opposed to the proposed transferee district—for litigation purposes; and (3) the relative ability of each party to bear these costs in light of its size and financial wherewithal." *Tumbaga v. Equifax Info. Servs., LLC*, 2020 WL 4673907, at *3 (D. Del. Aug. 12, 2020).

The logistical and operational costs to the parties in traveling to New Jersey are not significant, especially since two other related cases are pending there.[19]  It will be more convenient for the parties' fact and expert witnesses to provide testimony in the same forum.  *Realtime Data LLC v. Fortinet, Inc.*, No. CV 17-1635-CFC, 2018 WL 5630587, at *6 (D. Del. Oct. 31, 2018).

## 5.    The Unavailability of Witnesses at Trial

The fifth factor under *Jumara c*arries weight "to the extent that the witnesses may actually be unavailable for trial in one of the fora."  *VLSI Tech. LLC v. Intel Corp.*, No. 18-966-CFC, 2018 WL 5342650, at *7 (D. Del. Oct. 29, 2018) (citing *Jumara*, 55 F.3d at 879).  Moreover, in considering this factor, "the Court should be particularly concerned not to countenance undue inconvenience to third-party witnesses, who have no direct connection to the litigation."  *Allen Med. Sys., Inc. v.*

---

[19] See, finding of Court on convenience of Plaintiff as it relates to proceeding in the District of New Jersey at P. 5 of Opinion on Motion to Transfer Venue, 3/19/24, in *Dotson v. Gary W. Gray Trucking, et al.*  (Exhibit E).

*Mizuho Orthopedic Sys., Inc*., No. CV 21-1739-CFC, 2022 WL 1046258, at \*2 (D. Del. Apr. 7, 2022).  While most of the identified witnesses reside within the 100-mile radius of the Court's subpoena power pursuant to Fed. R. Civ. P. 45(c)(1), the road distance between the Medical Examiner that conducted the autopsy of Mr. Dotson and Wilmington is approximately 116.6 miles; the distance of that office is within 61 miles of Trenton.  Accordingly, this factor strongly favors transfer.

**6.    The Location of Books and Records**

Pertinent books and records related to the collision and resulting investigation are in New Jersey.  Moreover, DTNA's records are also located outside of Delaware as its headquarters and manufacturing facilities are not located in Delaware. However, as they could be produced here, this factor is neutral.

**C.    The Public Factors Favor Transfer**

An analysis of public factors also supports transfer to the District of New Jersey.

**1.    Enforceability of the Judgment**

This factor is neutral on the issue of transfer because a judgment can be enforced in either forum.

**2.    Practical Considerations Strongly Favor Transfer**

Considerations of judicial economy weigh strongly in favor of transfer. Litigating Plaintiff's claim in this district while simultaneously litigating substantively identical issues in the District of New Jersey, would be a tremendous

10

waste of judicial resources. *See In re Amendt*, 169 Fed. Appx. 93, 96 (3d Cir. 2006) ("[T]he most important factor is the avoidance of duplicative litigation: Adjudicating almost identical issues in separate fora would waste judicial resources."); *Zazzali v Swenson*, 852 F. Supp. 2d 438, at 453 (D. Del. 2012) (agreeing that "having one court decide related cases is an important public policy factor" in the transfer analysis); *MP Vista, Inc. v. Motiva Enters. LLC*, No. CIV.A. 07-099-GMS, 2008 WL 5411104, at *3 (D. Del. Dec. 29, 2008).  Moreover, avoiding duplicative litigation conserves the resources of the parties and witnesses, while also reducing the risk of inconsistent rulings.  *See MP Vista, Inc.*, 2008 WL 5411104, at *3 (transfer to a district overseeing related litigation would "minimize the potential for inconsistent rulings"); *Canon Fin. Servs., Inc. v. JL Barrett Corp.*, No. CIV.A. 10-4117, 2010 WL 4746242, at *3 (D.N.J. Nov. 16, 2010) (such a transfer "allows for pretrial discovery to be conducted more efficiently, saves witnesses' time and money, both with respect to pretrial and trial proceedings, avoids duplicative litigation, thereby eliminating unnecessary expense to the parties, and at the same time serves the public interest and avoids inconsistent results"); and *Citrix Systems, Inc. v. Parallel Networks Licensing, LLC,*  No. CIV.A. 19-2005-LPS, 2020 WL 2309073, at *10 (D. Del. May 8, 2020) (in allowing a motion to transfer, the Court observed "[both the Supreme Court and the Court of Appeals have observed that

11

there is a strong preference to avoid duplicative litigation.") Clearly this factor strongly militates in favor of transfer.

### 3.    Comparison of the Docket Burden of the Respective Courts

At first blush, the respective caseloads of the District of Delaware and the District of New Jersey weigh against transfer.  According to the most recent data provided by the Administrative Office of the United States Courts for the 12 months ending on December 31, 2023, this District had fewer weighted filings per judge than the District of New Jersey.[20]  However, the median time intervals for case termination before, during, and after pretrial were higher in all respects for the District of Delaware.[21]  Both districts have busy dockets but the average termination rate of cases supports transfer of this matter to the District of New Jersey were two other matters are pending and can be consolidated for pre-trial and trial.

### 4.    The District of New Jersey Has a Strong Interest in Deciding this Dispute

---

[20] Weighted filings "account for the different amounts of time district judges require to resolve various types of civil and criminal actions." Admin. Office of the U.S. Courts, Explanation of Selected Terms, https://www.uscourts.gov/sites/default/files/explanation_of_selected_terms_december_2023.pdf.  Cases that require substantially more judicial resources than the average civil case because of their complexity and scope receive a higher weight. *Id.*

[21] See Table C-5 of Report Regarding U.S. District Courts- Median Time Intervals from Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending March 31, 2024.  (A copy is attached as Exhibit J).

"There is a public policy interest in having local issues determined close to where they arose." *MP Vista, Inc.,* 2008 WL 5411104, at *3. Here, New Jersey has an interest in regulating the safety of drivers and passengers and the condition of vehicles traversing on its roads. New Jersey clearly has a powerful interest in deciding the merits of claims implicating such safety issues and ensuring their consistent adjudication. While Plaintiff likely will contend that Mr. Dotson's death in New Jersey has had profound effects on his survivors in Delaware, New Jersey clearly has a strong interest in preserving and exercising its traditional police powers to ensure safety of those present in its state. This factor, therefore, weighs heavily in favor of transfer notwithstanding Plaintiff's claims of damages.

### 5.    Public Policies of the Fora

As outlined above, New Jersey has a keen interest in deterring unsafe driving and to ensure the roadworthiness of commercial vehicles used on its roadways. Delaware has an interest in ensuring that survivors of its residents have a means of recovering damages against any persons adjudged to be tortfeasors who contributed to the death of their relative. The respective policies of the fora are not in conflict. The fact that Plaintiff has already elected to prosecute claims in the District of New Jersey respectfully not only renders this factor neutral, it tips the weight in favor of transfer where the accident occurred.

### 6.    The Trial Judge's Familiarity with the Applicable State Law in Diversity Cases

13

The choice of law issues presented in this diversity case have not been resolved, and arguments may be made by respective parties that the substantive laws of Delaware or New Jersey are applicable.  DTNA respectfully submits that the respective District Courts, while perhaps more familiar with the law of one state, versus another, can each competently apply whichever state's laws are adjudged applicable.  Thus, this factor should not prevent the transfer of this action.

## V.    CONCLUSION

For the foregoing reasons, this Court should transfer this action to the District of New Jersey, Trenton Division.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 1, 2024, I filed the foregoing electronically with the

Clerk of Court using the CM/ECF system, which will notify all counsel of record.

**MARON MARVEL BRADLEY**
**ANDERSON & TARDY LLC**

*/s/ Antoinette D. Hubbard*
Paul A. Bradley (DE Bar ID No. 2156)
Antoinette D. Hubbard (DE Bar ID No. 2308)
1201 N. Market Street, Suite 1100
P.O. Box 288
Wilmington, DE  19899-0288
Telephone: (302) 425-5177
Facsimile: (302) 425-0180
pab@maronmarvel.com
adh@maronmarvel.com
*Counsel for Daimler Truck North America, LLC*

1